# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| LIFE INSURANCE COMPANY OF NORTH AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> ERASMO EUFRACIO, CHARLENE BAAS and RONALD BAAS, <br><br> Defendants. | No. C13-3023-DEO <br><br> ***REPORT AND RECOMMENDATION*** |

This case is before me on a motion (Doc. No. 49) for sanctions filed October 15, 2014, by defendants Charlene Baas and Ronald Baas (Mr. and Mrs. Baas). They seek sanctions in the form of a default judgment against their co-defendant, Erasmo Eufracio. The motion is supported by the affidavit of Mrs. Baas. Doc. No. 52-1.

Mr. Eufracio's resistance was due November 3, 2014. *See* Local Rules 6, 7(e). No resistance has been filed. The Honorable Donald E. O'Brien, Senior United States District Judge, has referred the motion for me for the preparation of a report and recommended disposition. In light of Mr. Eufracio's failure to file a timely resistance, the motion is fully submitted.

## *RELEVANT BACKGROUND*

The factual and procedural context has been described in prior orders (*e.g.,* Doc. Nos. 43, 48). I will provide only an abbreviated version here. This is an interpleader case, commenced on May 7, 2013, by plaintiff Life Insurance Company of North America (LINA) after it was confronted with competing claims to the proceeds of a life insurance policy (the Policy). Mr. and Mrs. Baas state that they are the parents of the insured decedent, Nicole Baas, and that Nicole was unmarried and had no children at the

time of her death. Doc. No. 52-1 at 1-2. By contrast, Mr. Eufracio has contended that he was legally married to Nicole when she died. Doc. No. 12 at 2-3. Under the terms of the Policy, if Mr. Eufracio is Nicole's surviving spouse, the proceeds would be payable to him. If not, then they would be payable to Mr. and Mrs. Baas.

Mr. and Mrs. Baas filed an answer (Doc. No. 8) to LINA's complaint on June 6, 2013. Mr. Eufracio filed a *pro se* answer (Doc. No. 12) to the complaint on October 16, 2013.[1] Mr. Eufracio has done nothing since. As noted in my prior order (Doc. No. 48), he did not attend the October 14, 2014, final pretrial conference. Nor did he seek leave to participate by telephone or take any of the actions in advance of the conference that were required by the Trial Management Order (TMO) (Doc. No. 26).

Because Mr. Eufracio did not participate in the final pretrial conference, trial was continued to November 7, 2014, to give Mr. and Mrs. Baas an opportunity to file an appropriate motion and Mr. Eufracio an opportunity to resist it. *See* Doc. Nos. 48, 51. The motion was promptly filed October 15, 2014. Mr. and Mrs. Baas seek sanctions in the form of a default judgment against Mr. Eufracio, along with an order directing the Clerk to pay the remaining, deposited Policy proceeds to them.

## *ANALYSIS*

As noted above, and consistent with his actions over the past year, Mr. Eufracio has done nothing to resist or respond to the present motion. The motion could be granted on that basis alone. *See* Local Rule 7(f) ("If no timely resistance to a motion is filed, the motion may be granted without notice."). However, because granting the motion would be case-dispositive, I will address its merits.

---

[1] LINA is no longer an active party to this action as it previously moved for, and obtained, an order permitting it to deposit the disputed Policy proceeds, discharging it from further obligations under the policy and awarding costs and attorney fees. *See* Doc. Nos. 13, 14, 16, 17, 19, 30 and 31. The only remaining parties are the competing claimants.

Federal Rule of Civil Procedure 16 states, in part:

*(f)*   *Sanctions*.

    (1)   *In General*. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney:

        (A)   fails to appear at a scheduling or other pretrial conference; … or

        (C)   fails to obey a scheduling or other pretrial order.

Fed. R. Civ. P. 16(f)(1).   The specific sanctions referenced in Rule 16(f) are:

    (ii)   prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

    (iii)   striking pleadings in whole or in part;

    (iv)   staying further proceedings until the order is obeyed;

    (v)   dismissing the action or proceeding in whole or in part;

    (vi)   rendering a default judgment against the disobedient party; or

    (vii)   treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(ii)–(vii).   As these rules suggest, federal courts have the authority to impose sanctions, up to and including a default judgment, against a party for failure to comply with pretrial orders.   *See, e.g., Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996).

In *Ackra*, the Eighth Circuit Court of Appeals held that a "[d]efault judgment for failure to defend is appropriate when the party's conduct includes 'willful violations of court rules, contumacious conduct, or intentional delays.'"   *Id.* at 856 (quoting *United States v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993)).   However, such a severe sanction

is not appropriate "for a 'marginal failure to comply with time requirements.'" *Id.* (quoting *Harre,* 983 F.2d at 130). The court also noted that *pro se* representation generally does not excuse a party from complying with court orders and the rules of procedure. *Id.* The court affirmed the entry of a default judgment against *pro se* parties based on "their total failure to participate in the litigation after their counsel withdrew," including a "complete failure to respond to the magistrate judge's discovery order and other orders, failure to comply with pretrial requirements, and failure to attend the final pretrial/settlement conference." *Id.*

Here, Mr. Eufracio's inaction is far more akin to that in *Ackra* than to a mere "marginal failure to comply with time requirements." He filed a *pro se* answer on October 16, 2013, which included a mailing address in Mexico. Doc. No. 12 at 1. The docket reflects that the Clerk properly entered this address into the Court's notification system and that all subsequent court orders were directed to Mr. Eufracio at that address. *See, e.g.,* Doc. No. 26 (TMO entered February 5, 2014). The docket reflects no further participation in this case on Mr. Eufracio's part.

Counsel for Mr. and Mrs. Baas states that he complied with the TMO by serving witness and exhibit lists on Mr. Eufracio, preparing a proposed final pretrial order and appearing at the final pretrial conference. Doc. No. 49 at 3 (¶ 12). By contrast, Mr. Eufracio not only failed to appear at the final pretrial conference, he did not serve the required witness and exhibits lists or participate in the preparation of the proposed final pretrial order. *Id.* at 4 (¶ 13). This pattern of noncompliance, when combined with Mr. Eufracio's lengthy failure to take any other action in this case, leads me to conclude that he has willfully abandoned his claim to the Policy proceeds.

This is not a situation in which the delays in postal service between Mexico and the United States might explain a failure to comply with deadlines. I note, for example, that Mr. Eufracio's *pro se* answer, which was filed October 16, 2013, states that he signed it on October 11, 2013. Doc. No. 12 at 4. Mr. Eufracio clearly had the ability,

4

if he so desired, to cause documents to reach the Clerk within a short period of time. His inaction in this case cannot be attributed to mere mailing delays.

Judgments by default are disfavored, as courts prefer to adjudicate cases on their merits. *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783–84 (8th Cir. 1998). While courts are generally expected to consider the feasibility of less-extreme sanctions, such consideration is not necessary "[w]hen the facts show willfulness and bad faith." *Everyday Learning Corp. v. Larson,* 242 F.3d 815, 818 (8th Cir. 2001). Here, as noted above, I find that Mr. Eufracio has willfully abandoned any claim to the Policy proceeds by failing to participate in this case for over one year, by failing to comply with pretrial requirements and by failing to attend the final pretrial conference. These failures make it virtually impossible to try this case. Even if it is necessary to consider less-severe sanctions, I find that nothing short of a default judgment would cure the impact of Mr. Eufracio's willful inaction.

Mr. and Mrs. Baas have further demonstrated that they are entitled to judgment in their favor, given Mr. Eufracio's default and the undisputed facts they have presented. They note that the terms of the Policy require payment to them, as Nicole's parents, if Nicole (a) did not designate a beneficiary and (b) had no surviving spouse or children. Doc. No. 2 at 2-3 (¶¶ 6-9). They further note that Nicole did not designate a beneficiary. Doc. No. 2 at 3 (¶ 8). Finally, they have presented undisputed evidence that at the time of her death, Nicole was not married and had no children. Doc. No. 52-1 at 1-2 (¶¶6-7). Thus, they are entitled to entry of a default judgment in their favor, and against Mr. Eufracio, for the Policy proceeds that remain on deposit with the Clerk.[2]

---

[2] LINA deposited the full amount of the Policy proceeds, $31,000.00, with the Clerk on March 14, 2014. On June 17, 2014, I entered an order (Doc. No. 43) directing payment to LINA of attorney fees and costs totaling $4,722.00. I now find, and thus recommend, that the remaining proceeds on deposit, including any accrued interest, should be paid to Mr. and Mrs. Baas.

## *CONCLUSION AND RECOMMENDATION*

For the reasons set forth herein, I **respectfully recommend** that the motion (Doc. No. 49) for sanctions filed by defendants Charlene Baas and Ronald Baas be **granted**, that judgment by default be entered in their favor and against defendant Erasmo Eufracio and that the Clerk be directed to pay the full amount of the remaining Policy proceeds on deposit to defendants Charlene Baas and Ronald Baas.

In light of this recommended disposition, the trial of this case, currently scheduled to begin November 7, 2014, is hereby **continued**. A new trial date, if necessary, will be set by separate order.

Objections to this Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) must be filed within fourteen (14) days of the service of a copy of this Report and Recommendation. Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* Fed. R. Civ. P. 72. Failure to object to the Report and Recommendation waives the right to *de novo* review by the district court of any portion of the Report and Recommendation as well as the right to appeal from the findings of fact contained therein. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

**IT IS SO ORDERED.**

**DATED** this 4th day of November, 2014.

_____
LEONARD T. STRAND
UNITED STATES MAGISTRATE JUDGE