# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| **LIFE INSURANCE COMPANY OF NORTH AMERICA,** | |
| Plaintiff, | **No. 13-CV-3023-DEO** |
| vs. | **ORDER ON REPORT AND RECOMMENDATION** |
| **ERASMO EUFRACIO, CHARLENE BAAS and RONALD BAAS,** | |
| Defendants. | |

Before the Court is a Report and Recommendation ("R&R"), Docket No. 53, issued by United States Magistrate Judge Leonard T. Strand concerning the Bass Defendants' Motion for Sanctions, Docket No. 49. Also before the Court is Defendant Baas' Motion for Conditional Disbursement of Funds. Docket No. 54.

On November 4, 2014, Judge Strand issued a R&R recommending that the Motion for Sanction be granted. Docket No. 53. Specifically, Judge Strand recommended that a default judgment should be entered against Defendant Erasmo Eufracio for failure to prosecute his case and failing to comply with this Court's prior Orders. Neither party filed an objection to the Report and Recommendation.

## I. FACTS

Magistrate Strand set out the relevant facts in this matter. As stated by Judge Strand:

> [t]his is an interpleader case, commenced on May 7, 2013, by plaintiff Life Insurance Company of North America (LINA) after it was confronted with competing claims to the proceeds of a life insurance policy (the Policy). Mr. and Mrs. Baas state that they are the parents of the insured decedent, Nicole Baas, and that Nicole was unmarried and had no children at the time of her death. Doc. No. 52-1 at 1-2. By contrast, Mr. Eufracio has contended that he was legally married to Nicole when she died. Doc. No. 12 at 2-3. Under the terms of the Policy, if Mr. Eufracio is Nicole's surviving spouse, the proceeds would be payable to him. If not, then they would be payable to Mr. and Mrs. Baas. Mr. and Mrs. Baas filed an answer (Doc. No. 8) to LINA's complaint on June 6, 2013. Mr. Eufracio filed a pro se answer (Doc. No. 12) to the complaint on October 16, 2013. Mr. Eufracio has done nothing since. As noted in my prior order (Doc. No. 48), he did not attend the October 14, 2014, final pretrial conference. Nor did he seek leave to participate by telephone or take any of the actions in advance of the conference that were required by the Trial Management Order (TMO) (Doc. No. 26). Because Mr. Eufracio did not participate in the final pretrial conference, trial was continued to November 7, 2014, to give Mr. and Mrs. Baas an opportunity to file an appropriate motion and Mr. Eufracio an opportunity to resist it. See Doc. Nos. 48, 51. The motion was promptly filed October 15, 2014. Mr. and

> Mrs. Baas seek sanctions in the form of a default judgment against Mr. Eufracio, along with an order directing the Clerk to pay the remaining, deposited Policy proceeds to them.

Docket No. 53, p. 1-2.

## II. STANDARD

Pursuant to statue, this Court's standard of review for a magistrate judge's Report and Recommendation is as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1).

Similarly, Federal Rule of Civil Procedure 72(b) provides for review of a magistrate judge's Report and Recommendation on dispositive motions and prisoner petitions, where objections are made as follows:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommendation decision, receive further

3

>     evidence, or recommit the matter to the
>     magistrate judge with instructions.

FED. R. CIV. P. 72(b).

Additionally, failure to object to the Report and Recommendation waives the right to de novo review by the district court of any portion of the Report and Recommendation as well as the right to appeal from the findings of fact contained therein. United States v. Wise, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

**III. ANALYSIS**

The Court has reviewed the Report and Recommendation, along with the entire file. As discussed above, neither party objected to Magistrate Strand's Report and Recommendation. The Court is persuaded that the Magistrate's analysis is correct, and his R&R should be adopted in its entirety.

Specifically, it is clear that Defendant Eufracio abandoned this case. All documents and pleadings have been served on Mr. Eufracio at the address he provided to the Court. In spite of receiving the documents, Mr. Eufracio failed to participate in this case in any way after filing his pro se Answer on October 16, 2013. Docket No. 12. Additionally:

> [c]ounsel for Mr. and Mrs. Baas states that he complied with the TMO by serving witness and exhibit lists on Mr. Eufracio, preparing a proposed final pretrial order and appearing at the final pretrial conference. Doc. No. 49 at 3 (¶ 12). By contrast, Mr. Eufracio not only failed to appear at the final pretrial conference, he did not serve the required witness and exhibits lists or participate in the preparation of the proposed final pretrial order. Id. at 4 (¶ 13). This pattern of noncompliance, when combined with Mr. Eufracio's lengthy failure to take any other action in this case, leads me to conclude that he has willfully abandoned his claim to the Policy proceeds. This is not a situation in which the delays in postal service between Mexico and the United States might explain a failure to comply with deadlines. I note, for example, that Mr. Eufracio's pro se answer, which was filed October 16, 2013, states that he signed it on October 11, 2013. Doc. No. 12 at 4. Mr. Eufracio clearly had the ability, if he so desired, to cause documents to reach the Clerk within a short period of time. His inaction in this case cannot be attributed to mere mailing delays.

Docket No. 53, p. 4-5. Accordingly, this Court agrees with Judge Strand that Mr. and Mrs. Baas "are entitled to entry of a default judgment in their favor, and against Mr. Eufracio,

for the Policy proceeds that remain on deposit with the Clerk." Docket No. 53, p. 5.

As noted by Judge Strand, the insurance company Plaintiff in this case is no longer participating in this case. As stated in the Report and Recommendation, the Plaintiff "deposited the full amount of the Policy proceeds, $31,000.00, with the Clerk on March 14, 2014. On June 17, 2014, I entered an order (Doc. No. 43) directing payment to [the Plaintiff] of attorney fees and costs totaling $4,722.00. I now find, and thus recommend, that the remaining proceeds on deposit, including any accrued interest, should be paid to Mr. and Mrs. Baas." Docket No. 53, p. 5, Fn. 2. This Court agrees. Accordingly, the Defendants Charlene and Ronald Baas' Motion for the Conditional Disbursement of Funds, Docket No. 54, will be granted and the Clerk of Court shall disburse the funds as set out there in.

IV. **CONCLUSION**

The Magistrate's Report and Recommendation is accepted as set out above, and the Defendant's Motion for Sanctions, Docket No. 49, will be **GRANTED**. The Court now enters a default judgment against Defendant Erasmo Eufracio.

6

Additionally, the Defendants' Motion for the Conditional Disbursement of Funds, Docket No. 54, will be **GRANTED**, and the Clerk of Court shall disburse the funds as set out there in.

**IT IS SO ORDERED** this 2nd day of December, 2014.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa